THE HOME LOAN ASSOCIATION, a corporation of the State of Delaware, vs. JOHN M. FOARD and HANNAH C. D. FOARD his wife.

*Mortgage—Practice—Judgment; Opening of—Precedent.*

A judgment recovered on mortgage for want of an affidavit of defense, will not be opened and parties let into trial, although it appeared to the Court by the petition and affidavit of defendant (1) that she had called upon her attorney immediately after she had knowledge of the mortgage, and asked him to appear for her and defend

any suit that might be entered thereon; (2) that upon being summoned by the Sheriff she supposed her attorney would know and take care of the same; (3) that she had been since informed by him that without his knowledge of suit being brought judgment had been entered at the present term; and (4) that she had a just and legal defense to the whole cause of action, viz., that she never executed the said supposed mortgage.

(*March 15, 1901.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

Superior Court, New Castle County, February Term, 1901.

RULE TO SHOW CAUSE why judgment should not be opened and parties let into a trial, (No. 103, November Term, 1901). The petition and affidavit of Hannah C. D. Foard, one of the defendants, set out the following facts:

"That she is the owner of a small house and lot in the City of Wilmington; that on or about the            day of September, A. D. 1900, she discovered that there was of record on said property a mortgage purporting to be signed by her and her husband; that she immediately called upon her counsel and asked him *to appear* and defend any suit that might be entered upon said mortgage; that upon being summoned by the sheriff she supposed and thought that her counsel would know and take care of the same; that she is now informed by him that without his knowledge of suit having been brought judgment has been entered at this present time for want of an affidavit of defense, being No.      to the November Term, A. D. 1900. That she has a just and legal defense to the whole of said cause of action, the nature and character of which is that she never executed the said supposed mortgage. That she is informed and believes that there is no such corporation as named in said suit. And that she prays this Honorable Court to open said judgment, in accordance with the statute in such case made and provided, upon her giving security to satisfy any judgment that may be entered therein."

After hearing testimony and argument, the Court held the matter under advisement for several days and thereupon rendered the following decision:

LORE, C. J.:—In the case of The Home Loan Association *vs.* Foard, *et. al.*, we have carefully considered the application to open the judgment, because of what seemed to be a hardship. And after the most thorough consideration, the Court have reached the conclusion that the application is not within the statute and that it would be establishing a bad precedent for us to open this judgment. We are therefore compelled to refuse the application.